**Opinion filed October 12, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00189-CV

_____

## CAROL JOHNENE MORRIS, Appellant

## V.

## ATMOS ENERGY ET AL., Appellees

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV59469**

### M E M O R A N D U M   O P I N I O N

On August 17, 2023, Appellant, Carol Johnene Morris, filed a pro se notice of appeal in which she stated that she wishes to appeal the trial court's "order"[1] granting the Rule 91a motions to dismiss filed by Appellees, Midland Central

---

[1]We note that the trial court's order granting Atmos Gas's Rule 91a motion to dismiss is not on file with this court, and that the order granting MCAD's Rule 91a motion to dismiss does not indicate that MCAD filed its Rule 91a motion jointly, or that the trial court granted its motion jointly, with Atmos Gas. Therefore, "order" as used in this opinion, refers to the trial court's order granting MCAD's motion to dismiss.

Appraisal District (MCAD) and Atmos Gas. The trial court's order does not state that it is a final order, that the order is appealable, or that the order disposes of all claims and parties. *See In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001)).

Upon docketing this appeal, the clerk of this court wrote the parties, in a letter dated August 18, 2023, and informed them that it did not appear that Appellant was attempting to appeal from a final, appealable order. We requested that Appellant respond and show grounds to continue the appeal. We also informed Appellant that this appeal may be dismissed. Appellant did not respond to our request and show grounds to continue this appeal; instead, she opted to file an amended notice of appeal that alleges errors made by the trial court and the district clerk and describes other appellate remedies she has sought, such as a petition for writ of mandamus and writ of habeas corpus she claims that she has filed in the Texas Supreme Court.

Appellate courts may review only final judgments or interlocutory orders specifically made appealable by statute. *See Lehmann*, 39 S.W.3d at 195. A trial court's interlocutory order granting a Rule 91a motion to dismiss is not an appealable order. *See Woodard v. Tu*, No. 02-22-00483-CV, 2023 WL 2429796, at *1 (Tex. App.—Fort Worth Mar. 9, 2023, no pet.) (per curiam) (mem. op.) (collecting cases). In this regard, "[i]n cases in which only one final judgment can be rendered . . . a judgment rendered without a conventional trial on the merits is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties." *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (citing *Lehmann*, 39 S.W.3d at 205). The trial court's order granting two of the Appellees' Rule 91a motions to dismiss does neither.

2

Because the trial court's interlocutory order is not a final judgment and is not independently appealable, we are without jurisdiction to consider it. Therefore, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, this appeal is dismissed for want of jurisdiction. We also dismiss Appellant's "MOTION TO TRANSFER ORIGINAL DOCUMENTS/EXHIBITS TO COURT OF APPEALS" as moot.

W. STACY TROTTER
JUSTICE

October 12, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[2]

Williams, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.